# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| LINDA TRACEY GILLMAN, <br><br> Petitioner, <br><br> v. <br><br> UTAH DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Respondents. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-CV-8-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge. |

Petitioner Linda Tracey Gillman brings this pro se habeas corpus action under 28 U.S.C. § 2241. Having carefully considered Ms. Gillman's habeas petition and other relevant filings, the court concludes that Ms. Gillman's claims must be brought in a civil rights action because she does not seek relief that is available in a habeas action. The court therefore denies the petition.

## I.

On October 29, 2018, Ms. Gillman was "sentenced to an indeterminate term of not less than three years and which may be life in the Utah State Prison." *State v. Gillman*, No. 171900245 (Utah 3d Dist. Oct. 29, 2018). Ms. Gillman filed her petition under 28 U.S.C. § 2241, claiming that Respondents have disciplined her in violation of the Constitution. First, she alleges that she "has been consistently and harshly punished for letters challenging the legality and propriety of prison operations," including by being excluded "from classes contingent for parole, extending her sentence." Dkt. No. 1 at 3. She thus appears to allege that she was punished in retaliation for exercising her first amendment rights. Second, Ms. Gillman also appears to allege that these punishments were imposed without due process. *See id.* Finally, Ms. Gillman alleges that Respondents have denied her access to legal materials. *See id.* at 3, 7–8. She seeks a

declaratory judgment and an injunction preventing Respondents from excluding her from classes required for parole eligibility or from restricting her access to books and the prison tablet used to access the law library. *See id.* Ms. Gillman has also moved for a temporary restraining order on the same grounds. *See* Dkt. No. 2 at 1.

## II.

Under 28 U.S.C. § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws . . . of the United States." "Petitions under § 2241 are used to attack the execution of a sentence" and may include challenges to "matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters" "affecting the fact or duration of the petitioner's custody." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997). But "prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits . . . not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). And if "a favorable judgment" on the prisoner's claims "will not necessarily imply the invalidity of [the prisoner's] conviction[] or sentence[]" or shorten the duration of the prisoner's confinement, *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the claims must be brought in a civil rights action, *Barela v. Martin*, 830 F. App'x 252, 255–56 (10th Cir. 2020).

In *Dotson*, two prisoners brought a Section 1983 claim alleging that Ohio's parole procedures were unconstitutional. *See* 544 U.S. at 76. The Court determined that success for the prisoners on their claims did "not mean immediate release from confinement or a shorter stay in prison." *Id.* at 82. Rather, for one prisoner, success meant at most "*consideration* of a new parole application," and for the other prisoner, it meant "at most a new parole hearing at which Ohio

parole authorities may, in their discretion, decline to shorten his prison term." *Id.* The Court reasoned that "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus'" and the prisoners could proceed under Section 1983. *Id.*

In his concurrence, Justice Scalia expressed his view that claims of alleged constitutional violations that "may or may not result in release" may be brought *only* under Section 1983 because "the habeas statute does not authorize[] federal courts to order relief that neither terminates custody, accelerates the future date of release from custody, nor reduces the level of custody." *Id.* at 86 (Scalia, J., concurring). The Supreme Court appears to have subsequently endorsed Justice Scalia's view. *See Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011). The Ninth Circuit has expressly adopted the rule proposed by Justice Scalia. *See Nettles v. Grounds*, 830 F.3d 922, 930–31 (9th Cir. 2016). The Tenth Circuit has followed this rule as well, albeit in unpublished opinions. *See Barela*, 830 F. App'x at 256; *Dimmick v. Bourdon*, 769 F. App'x 616, 619 (10th Cir. 2019).

Ms. Gillman alleges that her sentence has been extended because Respondents barred her—without due process and in retaliation for criticizing prison operations—from classes that she must attend to be eligible for parole. But even if Ms. Gillman were to prevail on these claims, her success would not "necessarily spell speedier release." *Dotson*, 544 U.S. at 82. In Utah, "the parole board [has] complete discretion in making parole decisions." *Malek v. Haun*, 26 F.3d 1013, 1015–16 (10th Cir. 1994) (cleaned up); Utah Code §§ 77-27-5(1)(b)(i), 77-27-9(1)(a); *see also Dimmick*, 769 F App'x at 620. As was the case for the prisoners in *Dotson*, Ms. Gillman's success thus means at most that she may complete classes required for parole sooner, which may speed consideration of her parole application—an application that the parole board

may or may not grant. Because Ms. Gillman's claims do not directly challenge the "fact or duration" of her confinement, *Standifer*, 653 F.3d at 1280 and thus do not "lie[] at 'the core of habeas corpus,'" *Dotson*, 544 U.S. at 82, the court concludes that they must be brought in a civil rights action under Section 1983. The court accordingly dismisses the claims in her habeas petition that are based on Respondents' allegedly barring her from attending classes that she must complete before she may be considered for parole.

### III.

Ms. Gillman's remaining claims challenge the conditions of her confinement. "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings." *Standifer*, 653 F.3d at 1280.

The court therefore dismisses Ms. Gillman's claims in her petition that are related to the conditions of her confinement.

\*     \*     \*

For the foregoing reasons, Ms. Gillman's petition for a writ of habeas corpus and motion for a temporary restraining order are **DENIED**. A certificate of appealability is also **DENIED**. If Ms. Gillman wishes to further pursue the claims asserted in her petition, she must file a separate civil rights action under 42 U.S.C. § 1983 using the appropriate civil rights complaint. The Clerk's Office shall mail to Ms. Gillman a Pro Se Litigant Guide with a blank form civil rights complaint that she may use to pursue her claims if she wishes to do so.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2023.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge